Br the Court.—Ingraham, J.
—This is an action to recover for services rendered by plaintiff, who is an attorney and counselor at law, in appearing before the governor of the state and preparing petitions and other papers for the purpose of obtaining a pardon for defendant’s brother, who had been convicted and sentenced to the penitentiary for two years and to pay a fine of five hundred dollars. The complaint alleges that plaintiff at defendant’s request and promise to pay therefor, rendered certain services to the defendant in endeavoring to and procuring a commutation of sentences of his brother, August Engler, and in procuring a pardon for said August Bugler; and in giving counsel and advice, preparing petition, papers and case, and in presenting the same before the governor, and doing and performing the various matters and things alleged in bill of items annexed to the complaint. The particulars mentioned in this bill of items, consist of various services, some of which are strictly legal services, such as preparing affidavits, petition for pardon ; preparing case and brief; review of the evidence on the trial; arguing the case before the governor ; numerous consultations with the defendant and the prisoner. The answer admits that plaintiff performed some of the services set up in the complaint and alleges payment, and then as a second defense alleges that plaintiff and William Fullerton entered into an agreement with defendant to perform the services mentioned for the sum of $300, and that such sum has been paid.
When the case came on for trial and immediately after the plaintiff’s counsel had opened the case to the jury,defendant’s counsel moved on the pleadings and on the opening of the case to dismiss the complaint, which motion was denied.
That motion was properly denied. The complaint set up a performance of service by plaintiff for the defendant and a promise to pay therefor, and that a portion of the services; alleged to have been rendered were ordinary attorney’s *175 services to which there could have been no objection. The plaintiff then testifies that after the trial and sentence of the defendant’s brother,and after the affirmance of the conviction by the general term of the supreme court, and in t-he latter part of June, 1879, the defendant came to plaintiff and asked him if he (plaintiff) “did not think something could be done yetthat plaintiff said he did not see any chance, that every means was exhausted, and that he, plaintiff, had other business to attend to. Defendant there requested plaintiff to reconsider and think over it, and let him (defendant) know, and he would call again. On the second call defendant said to plaintiff, “I have paid so much money to the other lawyers and have got nothing for it, I will pay you well if you get him out and if you don’t succeed I will pay you for your trouble.” Plaintiff consented to go on, and under that employment plaintiff performed the services. The question to be determined is, whether this agreement was illegal and void as being a contract to procure a pardon or commutation of a sentence.
At the time the agreement was made, legal resources had been exhausted, the conviction had been affirmed, and nothing was left except an appeal to the executive clemency. This employment or agreement had therefore reference to procuring a pardon only.
It must be assumed that the parties had in mind when this consultation took place only such, legal and proper acts as the law allows an attorney to agree to perform. The employment is capable of that construction, and we cannot assume that the defendant intended to employ the plaintiff, or that plaintiff intended to agree to do any act in respect to obtaining the pardon, which was illegal unless it was expressly so stated.
The question, therefore, is, can an attorney recover for services rendered under an employment to do what could legally be done to obtain a pardon or commutation of sentence of a person convicted of crime ?
I think that a distinction should be made between an employment of this kind and a contract to procure a par *176 don made by a person who is not an attorney ; such a contract would be objectionable, because it would appear on its face that the means to be employed were influence or personal solicitation, or some others equally objectional, while in this case the employment is to perform services in the line of the employee’s profession, which for any other object would be unobjectionable.. The ground upon which this class of contracts is declared illegal is illustrated by the case of Gray v. Hook (4 N. Y. 457).
It there appeared that the plaintiff and defendant were candidates for an office which was to be filled by an appointment by the governor, as was supposed with about equal chances of obtaining the appointment. They made an agreement by whichT Hook was to withdraw and cast his influence for the appointment of Gray, and in consideration of which Gray agreed to pay Hook one-half of the emoluments of the office. The court held that the contract was void. The court says, “There is quite as much reason for applying the principle to contracts made for the purpose of influencing and perverting the most important and extensive operations of the legislature and executive power of the government. . . . No citizen can therefore legally stipulate to embarrass the operations of the government by diminishing its powers;” and approves the decision in the case of Hatfield ». Gulden (7 Watts, 152), which held void a contract to procure signatures to a petition to obtain a pardon from the governor for one convicted of a crime and sentenced to imprisonment.
But the employment in this case was very different. Defendant requested plaintiff, who was a lawyer, to do what he could, and promised to pay well if he was successful, and if not, to pay for the services rendered.
It certainly would not embarass the operations of the governor to. have a proper statement of the facts of the case prepared, affidavits prepared and vérified, and the circumstances properly presented to him to show that the prisoner was a proper subject for the executive clemency, *177 and I can see no reason why such a contract should be void as against public policy.
These services plaintiff performed under the employment of defendant and his promise to pay, and for them he is entitled to recover (Sedgwick v. Stanton, 14 N. Y. 289). The argument of Judge Selden applies to ah application to the governor as well as to the legislature.
The charge of the judge who tried this case is not included in the case, and is not before the court, and the defendant did not, so far as appears, request the court to submit any questions to the jury. It must therefore be presumed that the jury were properly instructed as to the particular services for which the plaintiff was entitled to recover, and the jury having passed on that question and found in favor of the plaintiff, the verdict should not be disturbed.
I think that there was sufficient evidence from which the jury could find that the argument between plaintiff and Judge Fullerton and the defendant had been abandoned. That agreement was executed long before the employment on which the claim in suit was founded, and as it appears, prior to the argument and affirmance of the supreme court. It contemplated further legal proceedings, as well as an application for a pardon ; and the subsequent employment by the defendant of other counsel to carry on the legal proceedings, and employment of another person to procure the pardon after the legal proceedings had failed, together with the new employment of plaintiff and the new promise to pay for services to be rendered thereunder, would justify the jury in finding that such agreement had been abandoned and the new employment was substituted for it. And as before stated, it must be presumed that such questions were properly submitted to the jury, and they had found that it was so abandoned.
We have examined the exceptions taken by defendant and do not think any of them well taken.
The objection to the question asked defendant in regard to other agreements was asked on re-direct examination *178 after defendant had testified as to what had happened at the time of the alleged employment, and it was in the discretion of the judge whether or not to allow the witness to answer again ; and as the plaintiff relied on the agreement that had been put in evidence, it was immaterial whether other agreements had been made or not.
The other exceptions do not require special notice, and as no error was committed at the trial, the judgment should be affirmed with costs.
O’Gorman, J., concurred.